# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WINSTON BERNARD EISON,**

    **Plaintiff,**

    v.                                              Case No. 12-CV-931

**TONIA ROZMARYNOSKI,**

    **Defendant.**

## DECISION AND ORDER

Plaintiff has filed several motions which will be addressed herein.

### Motion to Compel Discovery

Plaintiff challenges defendant's response to an interrogatory regarding her job title and duties. However, plaintiff did not challenge defendant's response before filing the instant motion to compel and, therefore, has not complied with Federal Rule of Civil Procedure 37 with respect to the interrogatory. See Fed. R. Civ. P. 37(a)(1) (movant must certify that he has conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action). Moreover, defendant indicates that she has provided plaintiff with additional materials he requested that contain information pertaining to her job duties, i.e., the "DOC Employee Handbook," a "Fraternization Policy," and the DOC's "Mission Statement."

Plaintiff also challenges defendant's response to an interrogatory asking whether she was ever the subject of any civil complaint or internal disciplinary proceeding having to do with alleged abuse of her power as a correctional officer. Defendant answered that interrogatory in the negative. Plaintiff contends that defendant's response was incorrect

based on a disciplinary proceeding against another inmate who was charged with soliciting staff in which defendant was alleged to have given candy to the inmate.  However, plaintiff has not demonstrated that defendant's response to the initial interrogatory, or that her response to a related request for admission in which she denied giving candy to the inmate, was incorrect.  Based on the foregoing, plaintiff's motion to compel will be denied.

## Motion to Reopen Discovery

Plaintiff has filed a motion to reopen discovery based on defendant's summary judgment submissions.  He seeks to conduct discovery related to other inmates whose Inmate Complaint Review System complaints were affirmed but who appealed to the Corrections Complaint Examiner anyway because they were dissatisfied with the outcome of the grievance process.  Plaintiff asserts that defendant should be required to provide this information because at summary judgment Corrections Complaint Examiner Welcome Rose averred that it is possible to appeal when dissatisfied, regardless of whether a complaint was affirmed on a lower administrative level.  Defendant contends, and this court agrees, that what ultimately matters is whether plaintiff followed the paths for exhaustion available in the Wisconsin Administrative Code.  See Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006) (a prisoner must complete the administrative review process in accordance with the applicable procedural rules).  In any event, to address plaintiff's concerns, defendant provided plaintiff with an example of an inmate complaint where the prisoner appealed a grievance that had been affirmed.

Plaintiff also seeks to reopen discovery so that he may obtain evidence from institution log books which would disprove defendant's averment that she was not aware that she had the opportunity to allow an inmate to go to Dorm A to take a shower after the

2

main showers were closed for the night. Defendant opposes the request because examining three years of log books would be a substantial undertaking and because they would likely contain information that would need to be redacted for an inmate's viewing. Defendant also challenges plaintiff's failure to previously request this discovery and notes that discovery closed on September 10, 2013. However, plaintiff seeks this information based on defendant's motion for summary judgment which was filed on October 10, 2013. I find that plaintiff should be permitted to review this information and, therefore, I will reopen discovery for that limited purpose.

### Plaintiff's Motion for Court Order

Plaintiff has filed a motion for court order to permit him to correspond with three prison officials at Green Bay Correctional Institution. Although this request was initially denied, defendant's response indicates that the denial was erroneous and that plaintiff has now been permitted to correspond with the officials. Thus, this motion is moot.

### Plaintiff's Motion for Extension Time

Plaintiff has filed a motion for extension of time to file his reply in support of his motion to reopen discovery. However, as this order resolves that motion, plaintiff's request will be denied as moot.

By this motion, plaintiff also seeks additional time to respond to defendant's motion for summary judgment. I will grant this request and the response deadline is set forth below.

### Plaintiff Motion to Appoint Counsel

Plaintiff has filed a motion for reconsideration of his request for appointment of counsel which I construe as a renewed motion for counsel. He asserts that he no longer

3

has assistance from other inmates, he is unable to gather evidence to respond to motions because he has limited time in the law library, and that he is unable to pay for copies to submit to defendant.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, plaintiff is still competent to proceed on his own. Even without assistance, his filings demonstrate a good grasp of the legal issues and ability to present them to the court. Plaintiff has been granted his request to reopen discovery and additional time to respond to defendant's motion for summary judgment. Finally, plaintiff need not submit copies of his court filings to defendant. Because each filing is electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to defendant. Defendant will be served electronically through the court's electronic filing system. Based on the foregoing, plaintiff's motion to appoint counsel will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel discovery (Docket # 38) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to reopen discovery (Docket # 39) is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that discovery is reopened for the limited purpose of plaintiff's request to seek discovery of the institution log books as set forth in his motion to reopen. Plaintiff shall file his discovery request by **May 16, 2014**.

**IT IS FURTHER ORDERED** that plaintiff's motion for court order (Docket # 40) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file reply in support of motion to reopen discovery (Docket # 49) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to respond to defendant's motion for summary judgment (Docket # 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's response to defendant's motion for summary judgment is due by **July 18, 2014**. No further extensions will be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of motion to appoint counsel (Docket # 50) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge