# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WINSTON BERNARD EISON,**

    **Plaintiff,**

  v.                                                      Case No. 12-CV-931

**TONIA ROZMARYNOSKI,**

    **Defendant.**

## DECISION AND ORDER

On April 29, 2014, I granted plaintiff's motion to reopen discovery for the limited purpose of seeking information from institution log books to disprove defendant's averment that she was not aware she had the opportunity to allow an inmate to go to Dorm A to take a shower after the main showers were closed for the night. I also granted plaintiff's motion for an extension of time until July 18, 2014, to respond to defendant's motion for summary judgment and advised that no further extensions would be granted.

Plaintiff has not filed a response to defendant's summary judgment motion. Instead, on July 21, 2014, he filed a motion to compel discovery. By this motion, plaintiff seeks an order compelling defendant to produce "the missing Dorm-A and North Cell Hall log book documents and entries between the dates of April 27th 2008 through August 3rd 2011 that were not produced pursuant to the April 29th 2014 court's decision and order." Plaintiff asserts that he was not given adequate time to review the log books. He further asserts defendant failed to produce the full discovery because she did not provide all of the log books within the relevant time period. In response, defendant contends that she reasonably produced all log book entries that are reasonably calculated to lead to the

discovery of admissible evidence and that she is not required to provide plaintiff with free copies of the requested documents.

Defendant's response to plaintiff's discovery request states:

> RESPONSE: Defendant OBJECTS to the request on the grounds that it is overly broad and unduly burdensome. Producing three years of log books from two parts of the prison is a substantial undertaking that requires significant man hours. Log books contain information about other inmates that is protected for both security and privacy reasons, including protected health care information. As a result, log books have to be reviewed and redacted before they can be produced. This requires extensive man hours that is disproportional to the limited relevant evidence that can reasonably be expected to be discovered from this request. Objection notwithstanding, defendant is producing log books between April 27, 2008 and August 3, 2011 for Dorm A and the North Cell Hall for all shifts that the defendant was working in each location. Log book entries from shifts the defendant was not working are not reasonably calculated to lead to the discovery of relevant evidence. All inmate names and numbers, with the exception of the plaintiff's, have been redacted for privacy and security reasons. Based on the stated purpose of the discovery, the redacted names are not reasonably calculated to lead to the discovery of relevant evidence.
>
> The plaintiff can review the produced records by sending a request to Lynn Washetas in NLCI records office. At the time of the review, he will be able to make a copy of the records at his own expense.

(Bresette Aff. ¶ 3, Exh. A at 2-3.)

Defendant provided plaintiff with the relevant materials from the log books, which was 66 pages out of 2571 pages total. In addition, plaintiff had access to the log books on four occasions. He reviewed the materials on three of the occasions for a total of four hours and fifteen minutes. It appears that plaintiff decided not to make photocopies of the materials. Defendant provided plaintiff an opportunity to review and copy the relevant portions from his discovery request. She did not fail to disclose relevant discovery. Therefore, plaintiff's motion to compel will be denied.

2

As indicated, the court's April 29, 2014, order directed plaintiff to file his summary judgment response by July 18, 2014, and stated that no further extensions would be granted. Under the circumstances, I will grant plaintiff an additional ten days to file his response. If plaintiff fails to respond to defendant's motion for summary judgment within ten days of the date of this order, defendant's motion will be decided unopposed.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel (Docket # 56) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's response to defendant's motion for summary judgment is due within ten days of the date of this order.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge