UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WINSTON BERNARD EISON,

       Plaintiff,

  v.                                                                Case No. 12-CV-931

TONIA ROZMARYNOSKI,

       Defendant.

## DECISION AND ORDER

The pro se plaintiff, Winston Bernard Eison, is a Wisconsin state prisoner who filed this civil rights action alleging that defendant, Tonia Rozmarynoski, violated his Eighth Amendment rights by refusing to permit him to shower and decontaminate after he cleaned a cell in which an incapacitating gas was used. On September 29, 2014, the court granted defendant's motion for summary judgment. Judgment was entered on the same day. Plaintiff has filed a motion for reconsideration and to amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 52(b).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.

1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

In support of his motion, plaintiff contends that the court erred by failing to consider his affidavit and filings. Specifically, he cites to paragraphs 27, 35, 36, 38, 39, and 40 from his affidavit, and argues that I did not consider that he was subjected to unnecessary pain and suffering as a result of defendant's refusal to permit him to shower after he was exposed to pepper spray. Plaintiff also contends that the court misunderstood him when it stated that the plaintiff did not dispute that the showers were closed. According to plaintiff, he did not dispute that the main bath house was closed, but he also put forth evidence that defendant could have, and should have, sent him to the shower in Dorm A. Plaintiff further contends that the court misapplied the law and misunderstood plaintiff's deliberate indifference claims when it granted defendant's summary judgment motion.

The court's analysis of plaintiff's deliberate indifference claim states as follows:

> According to plaintiff, he had to seek medical attention from secondary exposure to pepper/CS spray due to skin irritation, pain, and burning of his skin. However, plaintiff's claim that he was treated for secondary exposure to pepper spray is not supported by the evidence cited. The medical record cited refers to a nurse visit on September 16, 2011, a month and a half after the exposure. (Docket 75-1 at 27.) At that visit, although plaintiff reported that his skin irritation was caused by indirect exposure to an incapacitating agent, the nurse never made such a finding. Subsequently, Health Services Unit Manager Jeananne Zwiers gave the following description of that visit when Eison challenged the $7.50 co-pay he was charged for it: "Per my review, copay was charged correctly for the 9/16/11 appointment based on the fact that it is unlikely that he would have a rash solely in his armpits due to cleaning a cell with CS in it." (Dkt. 1-1 at 14; see also Fonder Aff. ¶6, Exh. 106 at 8.)
>
> It is doubtful that the effects of plaintiff's secondary exposure to CS spray is a serious medical need under the Eighth Amendment. "Exposure to pepper spray is not a serious medical need." Bonnin v. Eau Claire Cnty., No. 03 C 0065, 2004 WL 67478, at *4 (W.D. Wis. Jan. 13, 2004); see Rivera v. MacAdory, No. 96 C 4674, 1997 WL 17811, at *3 (N.D. Ill. Jan. 16, 1997) ("It is doubtful that the lingering unpleasant effects of the mace amounted to a 'serious medical need.'"). However, despite the lack of evidence in plaintiff's

medical records supporting his assertion that the exposure to CS caused his rash, he avers that he was in severe pain after cleaning the cells and that he told defendant he was suffering and wanted to take a shower and see a nurse. He also avers that his armpits were affected, painful, and burning the evening of the incidents. I will assume therefore that plaintiff had an objectively serious medical need.

Plaintiff claims that he told defendant he was in severe pain from the effects of seven hours of exposure to OC spray and requested a shower and to see a nurse. According to defendant, because plaintiff was not directly sprayed with the incapacitating agent, but rather cleaned the cells subsequent to the cell extractions, she believed that rinsing the affected areas would suffice, and that this could be accomplished with a bird bath. In addition, the showers were closed for the night. Plaintiff does not does not dispute that the showers were closed. He charges that defendant's failure to permit him to shower violated his constitutional rights.

Following plaintiff's inmate complaint on this issue, it was determined that defendant should have used common sense and permitted the shower. However, defendant's failure to use "common sense" or, for that matter, to follow institution rules, does not equate to a constitutional violation; a violation of state laws or regulations is not a basis for a federal civil rights suit. See Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage Cnty., Wis., 523 F.3d 776, 784 (7th Cir. 1984). In addition, negligent conduct on the part of a state official is insufficient to make out a constitutional violation. Daniels v. Williams, 474 U.S. 327, 331, 333-34 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986); Russ v. Watts, 414 F.3d 783, 788-89 (7th Cir. 2005).

The record reveals that the showers were closed for the evening. Defendant refused plaintiff a shower based on that and because she thought that a bird bath was sufficient under the circumstances. She knew that plaintiff was not directly exposed to OC spray but rather had cleaned cells that had been contaminated with OC spray that day. Defendant also knew that janitors who do that job enter the cells some time after the OC spray is administered and are wearing protective gear. There is no indication that defendant knew that the regular protective gear was unavailable that day. In any event, it is undisputed that plaintiff entered the cell wearing "rubbers, pants, t-shirt, rubber gloves, a painter's mask to cover our mouths, and eye goggles." In addition, while CS tear gas can cause symptoms such as skin irritation, runny nose, coughing, and burning of the eyes, recovery begins upon exposure to fresh air and is usually complete in fifteen to thirty minutes. Finally, defendant knew that there was a method for plaintiff to wash off in his cell and she directed him to do so. Although the better course of action may have been to allow plaintiff a shower that night, defendant did not disregard plaintiff's medical need. Therefore, she was not deliberately indifferent.

3

(ECF No. 87 at 16-18.)

Plaintiff asserts that the court misunderstood him when it stated that he did not dispute that the showers were closed. According to plaintiff, while he did not dispute that the main bath house showers were closed, defendant should have sent him to Dorm A to shower. The facts section of my prior opinion acknowledges that the general population bath house showers closed at 9:00 p.m. and that, therefore, the showers were closed once plaintiff returned to his cell hall. The facts also reveal that plaintiff requested a shower at that time (Eison Aff. ¶ 28), but that defendant denied the request and advised that he could take a bird bath in his cell. Defendant denied plaintiff's request for a shower because the general population showers were closed and because plaintiff could take a bird bath in his cell to rinse himself. The court's analysis demonstrates that defendant did not act with deliberate indifference when she denied him a shower that evening.

Despite plaintiff's assertions, the court considered plaintiff's affidavit and his proposed findings of fact at summary judgment. Plaintiff has not shown a manifest error of law or fact.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to amend/correct judgment and to reconsider (ECF No. 90) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge